IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**CHRISTOPHER GALLEGOS**,<br><br>Defendant. | Case No. 3:19-cr-436-SI-17<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On April 20, 2020, Defendant Christopher Gallegos pleaded guilty to one count of possession with intent to distribute methamphetamine and heroin. On August 26, 2020, the Court sentenced Mr. Gallegos to a term of 96 months imprisonment, followed by four years of supervised release. Mr. Gallegos (BOP No. 81718-065) currently is serving his sentence at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan). The Bureau of Prisons has scheduled Mr. Gallegos for release on August 2, 2026.

Pending before the Court is Mr. Gallegos' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF 1819. In his motion, Mr. Gallegos states that he has exhausted his administrative remedies and seeks an order reducing his sentence to time served. In his motion, Mr. Gallegos, who is 35 years old, states that his extraordinary and compelling circumstances

PAGE 1 – ORDER

include the length of his sentence already served, extraordinary rehabilitation, and the additionally punitive nature of serving time during the COVID-19 pandemic. *Id.*

The Government does not dispute that Mr. Gallegos has exhausted his administrative remedies but opposes his motion on the merits. ECF 1825. The Government argues that Mr. Gallegos fails to present extraordinary and compelling reasons warranting a reduction in his sentence, fails to address how his requested reduction would satisfy the sentencing factors under 18 U.S.C. § 3553(a), and fails to provide any release plan. *Id.* at 1. The Government explains:

> In early 2018, federal agents began monitoring a drug trafficking organization (DTO) based in Mexico responsible for distributing hundreds of kilograms of methamphetamine and heroin in Oregon. PSR ¶ 22. As part of their surveillance, agents intercepted numerous wire communications between defendant and other members of the DTO regarding drug distribution and sales. PSR ¶ 38. They determined that defendant was something of a middle manager, responsible for providing drugs to others within the DTO for further distribution. *Id.* Agents tracked numerous communications confirming that defendant—as well as co-defendant Yunuhen Salazar Andrade, with whom he cohabitated—was directly involved in multiple drug transactions in July and August 2019. PSR ¶¶ 38–45.
>
> On August 22, 2019, Andrade was arrested on an outstanding warrant while leaving her and defendant's residence. PSR ¶ 47. On her cell phone, investigators located a video taken the day before that depicted defendant possessing and firing multiple firearms, including pistols and a rifle. *Id.* Officers observed defendant leave the residence and attempted to stop him, but he "fled at a high rate of speed while swerving onto the shoulder and driving over 70 miles per hour." *Id.* A week later, investigators located defendant at a hotel near the Portland airport. PSR ¶ 48. He fled into his room and, based on his recent possession of multiple firearms, a SWAT team was called in and an entire wing of the hotel had to be evacuated before he was eventually taken into custody. *Id.* In the room, officers found 1,286 grams of heroin, 3 grams of methamphetamine, a scale, tin foil, and a hot plate. PSR ¶ 50. They also found a Taurus .357 Magnum revolver, 45 rounds of .357 ammunition, and 50 rounds of Remington 9mm ammunition. *Id.* The revolver had been reported stolen, and matched a gun defendant was seen handling in the video. *Id.*

ECF 1825 at 2. Mr. Gallegos did not reply.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in section 3553(a)* to the extent that they are applicable, if it finds that . . . [e]xtraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Mr. Gallegos' early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Mr. Gallegos' motion for early release. ECF 1819.

**IT IS SO ORDERED.**

DATED this 20th day of December, 2024.

>   */s/ Michael H. Simon*
>   Michael H. Simon
>   United States District Judge